Milton ARMSTEAD,
Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana
State Penitentiary,
Respondent-Appellee.

Rubin TACKNO, Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana
State Penitentiary,
Respondent-Appellee.

Nos. 82–3739, 82–3751
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 1983.

See also, 5 Cir., 571 F.2d 1383.

Reuben Tackno, pro se.

Milton Armstead, pro se.

William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

Appellants Milton Armstead and Rubin Tackno stand convicted of armed robbery and are serving thirty-three year sentences in the Louisiana State Penitentiary in Angola, Louisiana. Their convictions were affirmed on direct appeal by the Louisiana Supreme Court, *State v. Tackno,* 345 So.2d 46 (La.1977), and state habeas corpus relief has been denied. Appellants filed the instant 28 U.S.C. § 2254 action in federal district court, alleging that they received ineffective assistance of counsel, that they were deprived of due process at the motion to suppress hearing prior to their state armed robbery trial, and that the state district court abused its discretion by refusing to grant a new trial on the basis of newly discovered evidence. We affirm the district court's denial of habeas corpus relief.

On April 11, 1975, the appellants, along with two females, abducted Steven Eckerle and took him to an apartment in New Orleans. Once at the apartment, the appellants robbed the victim at knifepoint and tied him up. After the appellants had left the apartment, the victim escaped and went immediately to the New Orleans police station.

With the police, the victim returned to the apartment and showed the police where the robbery had occurred. The police found identification papers of the appellants at that location and they proceeded to obtain photographs of the appellants to conduct a lineup. In the photographic lineup, the victim positively identified appellants as the robbers, and after the appellants were arrested, the victim was shown a second lineup array with more recent photographs of appellants, and he again positively identified appellants as the robbers. At appellants' apartment, the police recovered the weapon used, a knife, and the belt used to tie up the victim. After considering all of the above evidence, a jury found appellants guilty as charged of armed robbery. Both appellants were found to be second-time felony offenders and were adjudged to be multiple offenders according to LSA–R.S. 15:529.1. Whereupon, the trial court sentenced them to a term of thirty-three years imprisonment—the minimum according to the enhancement statute.

Initially, appellants contend that their court-appointed counsel rendered ineffective assistance. They fault court-appointed counsel for (1) lack of adequate consultation; (2) failure to subpoena an alibi witness, Lydia Alexander; and (3) failure to subpoena Armstead's cousin, Nelson Johnson, to testify at the hearing to suppress identification, or at trial, or to have the trial continued. Appellants allege that Ms. Alexander could have testified that they were having dinner with her at her home when the robbery occurred, and that through Johnson's testimony, it could have been shown that he, not appellants, committed the robbery. They further allege that failure to call these witnesses at the identification suppression hearing rendered that hearing unfair and deprived them of due process. These charges were fully explored at the evidentiary hearing conducted by the state habeas corpus court, which denied habeas corpus relief.

■ In a federal habeas corpus proceeding there is a statutory presumption of correctness that is attached to a state court's findings of fact after a post-conviction hearing has been held on the merits of the issue. *See* 28 U.S.C. § 2254(d); *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982); and *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722

(1981). Although no written state court findings exist in this case, the Supreme Court has held that federal courts must give appropriate deference to *implicit* findings of a state habeas corpus court on credibility decisions when the state court conducts a hearing and enters a judgment from which findings of fact may be inferred. *Marshall v. Lonberger,* —— U.S. ——, 103 S.Ct. 843, 850–51, 74 L.Ed.2d 646 (1983). Of course, whether a defendant has received ineffective assistance of counsel is a mixed question of fact and law. While findings of basic, historical fact made after an evidentiary hearing are subject to review under the clearly erroneous standard of Rule 52(a), the district court's ultimate conclusion as to whether the defendant enjoyed effective assistance of counsel is not subject to review under that standard, and this Court must make an independent evaluation based on those subsidiary findings in determining whether counsel's representation satisfied the standards dictated by the sixth and fourteenth amendments. *See Washington v. Watkins,* 655 F.2d 1346, 1354 (5th Cir.1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982); *Vela v. Estelle,* 708 F.2d 954 (5th Cir.1983).

■ At the state habeas corpus hearing on October 16, 1979, court-appointed counsel testified that he had tried to locate Nelson Johnson prior to trial, but that no one, including Johnson's employers, knew how to reach him, since Johnson was trying to evade testifying. Court-appointed counsel stated that he could not, with good conscience, request a continuance because he had no way of knowing whether he could find Johnson or of knowing to what Johnson would testify to. Moreover, court-appointed counsel testified that he did contact appellants' alleged alibi witness, Ms. Alexander, and try to question her about the dinner party, but she was not willing to provide him with the names of any of the individuals who were there and he was worried that she might prove to be an unfavorable witness.

According to *Washington v. Strickland,* 693 F.2d 1243 (5th Cir.1982) *(en banc ),* cert. granted, —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983), a defendant asserting

an ineffective assistance of counsel claim has the burden of persuasion to demonstrate that the ineffective assistance created not only "a *possibility* of prejudice but that [it] worked to his *actual* and substantial disadvantage." *Id.* at 1258. The credibility choices presumably made by the state habeas corpus court fully support the conclusion that court-appointed counsel rendered effective assistance to his clients. The transcript of the trial and suppression hearing also support this conclusion. Simply put, appellants have failed to demonstrate that any of counsel's alleged failures in representation resulted in actual prejudice to their ability to obtain a fair trial. Hence, we affirm the district court's denial of habeas corpus relief on the basis of ineffective assistance of counsel.

■ Appellants contend that Johnson, who was eventually located and submitted an affidavit to the court confessing to the robbery and exculpating Armstead and Tackno, should have been subpoenaed to testify at the suppression hearing and that the deprivation of his testimony denied them due process. However, because Louisiana law limits the inquiry of the suppression of identification hearing to the method of identification and the presence of any suggestiveness by the state agents conducting the identification, Johnson's testimony would have been totally irrelevant. *See State v. Kenner,* 384 So.2d 413, 415–16 (1980); *Hudson v. Blackburn,* 601 F.2d 785, 787–88 (5th Cir.1979), *cert. denied,* 444 U.S. 1086, 100 S.Ct. 1046, 62 L.Ed.2d 772 (1979). Clearly, this issue is without merit.

■ Appellants' final contention is that the state district court abused its discretion in refusing to grant a new trial based on newly discovered evidence, namely, the affidavit of Johnson confessing to the crime and exculpating appellants. This contention is without merit. The Supreme Court has unequivocally held that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on habeas corpus." *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Furthermore, this Court has upheld the district court's refusal to hold an evidentiary hearing to consider

newly discovered evidence in the form of one witness' recantation of his trial testimony and another person's confession to the crime. *See Anderson v. Maggio,* 555 F.2d 447, 451 (1977), *quoting Shaver v. Ellis,* 255 F.2d 509, 511 (5th Cir.1958) (a confession by another does not render a conviction void and subject to collateral attack by habeas corpus); *see also Pelegrina v. United States,* 601 F.2d 18 (1st Cir.1979) (and cases cited at 19 n. 2). Therefore, the district court's refusal to grant habeas corpus relief on this ground of error is affirmed.

Finding no merit in any of the appellants' contentions, we affirm the district court's denial of habeas corpus relief.

AFFIRMED.