445 So.2d 163 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Leonard E. DAVIS, Defendant-Appellant.
No. CR83-489.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*164 Vernon Clark, Smith, Ford & Clark, Leesville, for defendant-appellant.
Asa Skinner, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
The defendant, Leonard E. Davis, was charged by bill of information with one count of simple burglary, a violation of LSA-R.S. 14:62, and one count of theft of property having a value in excess of $500.00, a violation of LSA-R.S. 14:67. The defendant was found guilty on both counts, and was sentenced to serve five years on each count, such sentences to run consecutively to any other sentence being served.
The defendant's assignments of error raise the following issues: (1) whether the trial court erred by admitting hearsay testimony; (2) whether the trial court erred in admitting opinion testimony from a witness who was unqualified to testify as an expert; and, (3) whether the trial court erred in denying defendant's motion for a mistrial on the ground of allegedly impermissible prosecutorial remarks in closing argument.

FACTS
On August 24, 1981, the defendant and Dennis Holmes illegally entered the Vernon Elementary School building and removed an IBM typewriter from the school library. Later in the same evening, the two returned and removed an air conditioner from a classroom window. Thereafter, the air conditioner was sold to Percy Powell and the typewriter was delivered to James Johnson.
On the day following the burglary, a confidential informant contacted Lieutenant Marvin Massey of the Leesville City Police Department. The informant stated that Dennis Holmes had attempted to sell him some stereo equipment, and that Percy Powell had bought an air conditioner from the defendants, Leonard Davis and Dennis Holmes. Massey arrested Holmes and questioned him. During this questioning, Holmes admitted his participation in the theft of the typewriter and air conditioner, and named the defendant as his co-perpetrator.
Later that same day, Lieutenant Massey contacted James Johnson and Percy Powell seeking information on the items sold to them by the defendant and Holmes. The typewriter and air conditioner were thereafter turned over to the police. Fletcher Cheatham, the principal of Vernon Elementary School, positively identified both items as those stolen from the school. The defendant, Leonard Davis, was arrested on August 26, 1981.

ASSIGNMENT OF ERROR NO. 1
By these assignments, the defendant urges that the trial court erred in admitting hearsay testimony at two points during the trial. The first instance occurred *165 during the testimony of Lieutenant Massey, while he was being questioned about his investigation of the theft. Massey was allowed to testify, over objection, that Percy Powell told him that he purchased an air conditioner from the defendant and Holmes.
We need not determine whether the statement constituted inadmissible hearsay, because even if the statement was inadmissible, the defendant suffered no prejudice by its admission. During the trial, Percy Powell himself testified that he bought the air conditioner from the defendant and Dennis Holmes. The hearsay testimony was merely cumulative and corroborative of the testimony of Percy Powell. Since the defendant was allowed to cross examine Powell, the defendant's right of confrontation was not abridged. State v. McMahon, 391 So.2d 1120 (La.1980); State v. Monroe, 397 So.2d 1258 (La.1981).
The second instance of impermissible hearsay alleged by the defendant occurred during the testimony of Dennis Holmes, the co-perpetrator of the theft. Holmes was being questioned by the State's attorney concerning a conversation Holmes had with defense counsel prior to trial. The alleged hearsay occurred during the following exchange:
"Q. And, did you talk about this particular case? [with Mr. Consenza, defense counsel].
A. Yes sir.
Q. And, what did Mr. Consenza tell you about this case?
A. He told me the same thing ...
By Mr. Consenza:
Objection.
By the Court:
... overruled ...
Q. He told you to say it happened in July and not in August?
A. Yes sir.
Q. And, did he tell you anything if you didn't testify to that?
A. Seven years.
Q. He said you would get seven years?
A. Yes Sir.
Q. Mr. Holmes, have you been truthful with the court today?
A. Yes sir."
We find that the testimony objected to was not hearsay, and that in any event, defendant suffered no prejudice by its admission.
The Louisiana Supreme Court defines hearsay as follows:
"In State v. Martin, 356 So.2d 1370 at 1376 (La.1978), this court adopted Professor McCormick's definition of hearsay as `testimony in court ... of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.' As pointed out in State v. Ford, 368 So.2d 1074 at 1077 (La.1979), under this definition, `a witness is generally competent to testify that a statement has been made to him [so long as no attempt is also made to vouch for the credibility of its contents]. In that case, the fact of communication turns as much on the credibility of the in-court witness as it does the out-of-court asserter.'"
In the instant case, the testimony complained of was introduced merely to show that such statements were made to Holmes. Presumably, the State's aim was to bolster the credibility of the witness by establishing his willingness to tell the truth despite threats. The truth of the statement allegedly made by Consenza is not at issue, and was never sought to be proved or disproved. These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant claims that the trial court erred in allowing opinion testimony from a witness who was unqualified to testify as an expert. Defendant was convicted of theft of property having a value greater than $500.00. As such, an essential element of proof required to support the conviction is proof that the property stolen was worth more than $500.00. In this regard, the State offered *166 the testimony of Don Rasliff, who testified that the value of the IBM typewriter stolen from the school was $525.00 to $550.00. We find no error in the trial court's acceptance of Rasliff as an expert qualified to testify as to the value of the typewriter.
Opinion testimony by a witness is generally inadmissible. LSA-R.S. 15:463. However, when the court addresses questions involving knowledge obtained only by special training or experience, persons having such special training or experience may render opinions as expert testimony. LSA-R.S. 15:464. The requisite qualification of an expert witness is established by LSA-R.S. 15:466:
"The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court."
Competency of an expert witness is a question of fact within the sound discretion of the trial judge. His assessment of the qualifications of experts will not be disturbed unless clearly wrong. State v. Michel, 422 So.2d 1115 (La.1982); State v. Coleman, 406 So.2d 563 (La.1981).
In the instant case, the record establishes that Rasliff was the office machine repairman for the Vernon Parish School Board, and that he had experience in working on and dealing with IBM typewriters dating back to 1975. Rasliff had four years experience participating in the purchase of typewriters by the School Board. Rasliff estimated that the School Board purchased more than 25 typewriters each year. In addition, Rasliff appraised used or damaged machines for the School Board to determine repair costs or trade in value.
Based on the qualifications established by the record, we are unable to conclude that the trial court was clearly wrong in accepting Rasliff as an expert witness. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
The defendant contends that the trial court erred in denying his motion for a mistrial based on prejudicial remarks made by the prosecutor in closing argument. In particular, the defendant asserts that the prosecutor called attention to the defendant's failure to testify in his own defense, mandating a mistrial under LSA-C.Cr.P. Art. 770. The basis of the defendant's motion is the following remark made by the prosecutor in closing argument:
"He talks about piling evidence up and I don't think he meant we piled evidence up, but they didn't even so much as kick any at us, no evidence at all."
A reference in closing argument to the fact that the State's case stands uncontroverted does not generally constitute a ground for a mistrial. State v. Latin, 412 So.2d 1357 (La.1982); State v. Sims, 346 So.2d 664 (La.1977). Such statements refer to the case as a whole and do not focus on the defendant's failure to testify. However, when the defendant is the only person who can refute the State's evidence, a reference to the fact that the testimony is uncontroverted focuses the jury's attention on the defendant's failure to testify. An example of such a situation occurred in State v. Harvill, 403 So.2d 706 (La.1981). In that case, the State's entire case consisted of the defendant's taped confession. The prosecutor's reference to the unrefuted character of the State's case was clearly a reference to the defendant's failure to testify, as the defendant was the only witness who could dispute the contents of the confession.
In the instant case, the defendant's conviction is based on the testimony of the co-perpetrator of the crime as well as that of the persons who received the stolen property from the defendant. The prosecutorial comment complained of does not focus on the defendant's failure to testify in his own defense, but rather refers to the entirety of the State's case, and the fact that no evidence was produced to refute it. This assignment is without merit.
*167 For the above and foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.