Leonard E. DAVIS,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 85–4638
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 14, 1986.

Rehearing Denied June 3, 1986.

Leonard E. Davis, pro se.

William J. Guste, Atty. Gen., Baton Rouge, La., William E. Tilley, Dist. Atty., Edwin L. Cabra, Leesville, La., for respondent-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioner appeals the denial of his application for writ of habeas corpus contending that the district court erred in denying his application without an evidentiary hearing. We affirm.

### I.

Petitioner, Leonard E. Davis, was convicted in 1982 in a Louisiana state court of simple burglary and theft of an air conditioner and a typewriter from a public school. His conviction was affirmed on direct appeal by the Louisiana Third Circuit Court of Appeal. *State v. Davis*, 445 So.2d 163 (La.App.3d Cir.1984).

The principal prosecution witness at Davis' trial was his alleged accomplice, Dennis Holmes. Holmes initially testified that Davis did not enter the school with him at the time the typewriter was stolen. After a recess, Holmes changed his testimony and stated that Davis did enter the school with him and the two men together stole the typewriter. Holmes explained that he changed his testimony because he made a mistake and also because he feared Davis. He admitted talking to the district attorney, but under cross-examination by Davis'

counsel denied that he made any agreement to change his testimony in return for a lighter sentence on charges pending against him.

About two years after his conviction and sentence and after the conviction had been affirmed on appeal, Davis moved for a new trial in the state district court where he was convicted. In support of this motion, Davis attached an affidavit of Holmes in which Holmes recanted his trial testimony. Holmes stated that his testimony implicating Davis in the crime was fabricated because of threats of prosecution on four counts of burglary and theft pending against him. According to the recanting affidavit, Holmes agreed to testify against Davis in return for dismissal of some of the pending charges and a lighter sentence on the ones remaining.

The state district judge who presided at Davis' trial denied the motion for new trial. The trial judge observed that the evidence offered in support of the new trial was not "newly discovered evidence which could not have been discovered by the exercise of due diligence." The intermediate state appellate court affirmed the denial of a new trial on grounds that the affidavit in support of the motion did not qualify as newly discovered evidence and also because the motion was based upon recanted trial testimony.

Davis then applied for a writ of habeas corpus in federal district court, which was dismissed without prejudice for failure to exhaust state remedies and alternatively on the merits. After exhausting his state remedies, Davis again filed an application for federal habeas relief which was again denied without a hearing. Davis now appeals the latest adverse ruling contending, among other things, that he should have been granted an evidentiary hearing.

### II.

Davis predicates his habeas claim on the same Holmes affidavit he relied on in his motion for new trial. For reasons that follow, we conclude that Davis is not enti-

tled to an evidentiary hearing on his habeas petition.

■ A trial judge can ordinarily deny a motion for new trial without a hearing when that motion is predicated entirely on an affidavit from a trial witness who recants his trial testimony. *Armstead v. Maggio,* 720 F.2d 894 (5th Cir.1983); *Anderson v. Maggio,* 555 F.2d 447 (5th Cir. 1977); *United States v. Hamilton,* 559 F.2d 1370 (5th Cir.1977); *United States v. Curry,* 497 F.2d 99 (5th Cir.1974), *cert. denied,* 419 U.S. 1035, 95 S.Ct. 519, 42 L.Ed.2d 311 (1974).

■ Judge Tuck, who denied the motion for new trial, presided at Davis' trial and heard Holmes' initial testimony denying that Davis was implicated in the crime as well as the second version of Holmes' testimony in which he implicated Davis and denied that any offers of leniency had been made to him in return for his altered testimony. Judge Tuck had an opportunity to observe Holmes' demeanor as a witness, was aware of his relationship as brother-in-law to the defendant and was in a position to generally evaluate Holmes' credibility. In this circumstance where the trial itself presented the trial judge with the opportunity to resolve the credibility of the recanting witness, the federal habeas court was entitled to rely on the finding of the state district court rejecting the recanting affidavit and no additional hearing was required. *United States v. Hedman,* 655 F.2d 813 (7th Cir.1981).

In *Hedman,* the defendants filed a direct appeal from the denial without a hearing of their motion for new trial on newly discovered evidence. One of the items of new evidence relied on by the defendants in support of their motion for new trial was an affidavit from a trial witness who stated that the prosecution coerced him into giving false testimony. The court held that:

> [W]e treat defendants' request for a writ of error *corum nobis* as similar in character to a request under 28 U.S.C. § 2255. It often is true in Section 2255 cases that the existing record and the court's recollection obviate the need for a hearing where, as here, the judge entertaining a request for a new trial also presided at the original trial.

655 F.2d at 817.

■ The state trial judge also found that the evidence Davis relied upon for a new trial could have been discovered by reasonable diligence. The record supports this finding of the state court as well. Davis and his attorney heard both versions of Holmes' testimony. Davis' counsel had an opportunity to cross-examine Holmes and police officers about the facts underlying the criminal charge as well as threats and concessions made by the prosecution to motivate Holmes to change his testimony. A habeas application premised on newly discovered evidence is subject to the same standard as that for a new trial. If the evidence asserted in support of the habeas application could have been discovered by reasonable diligence before the conviction, such evidence can support neither a motion for new trial nor a habeas application. *United States v. Robinson,* 585 F.2d 274, 280 (7th Cir.1978) (en banc), *cert. denied,* 441 U.S. 947, 99 S.Ct. 2171, 60 L.Ed.2d 1051 (1979); *see also, United States v. Hedman,* 655 F.2d at 814, 817.

■ A federal court must grant an evidentiary hearing to a habeas applicant when "there is a substantial allegation of newly discovered evidence...." *Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). The allegation of newly discovered evidence petitioner offers in support of his petition is insubstantial for two reasons: It was discoverable by reasonable diligence and it consists solely of an affidavit—that was rejected by the trial court—in which a trial witness seeks to recant his trial testimony. Because there is no substantial allegation of newly discovered evidence, the district court did not err in denying petitioner's application for habeas corpus without an evidentiary hearing.

AFFIRMED.