892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. MILLER, Petitioner-Appellant,
v.
Harold FALK, Director of the Department of Corrections,
State of Hawaii, Respondent-Appellee.
 No. 88-15578.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1989.*
Decided Dec. 15, 1989.
 
 Before SNEED, KOZINSKI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John E. Miller, a Hawaii state prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus. Miller argues his conviction is constitutionally flawed because (1) a prosecution witness recanted his testimony after the trial and (2) the prosecution knowingly presented perjured testimony. Miller also argues the district court erred in not holding an evidentiary hearing and in not appointing counsel to represent him in his habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 A jury convicted Miller of one count of sexual abuse in the first degree and two counts of sodomy in the second degree committed against an eight-year-old boy. Miller was sentenced to concurrent extended terms of ten years for sexual abuse and twenty years each on both counts of sodomy.
 
 
 4
 Miller did not directly appeal his conviction, but in 1985 he filed in the Hawaii Circuit Court of the First Circuit a petition for post-conviction relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure. He asserted five grounds for relief but withdrew all but one before hearings were held. Miller argued that he was entitled to a new trial because a key prosecution witness, Paul Miranda, recanted his testimony a year after the trial. During the trial Miranda testified that he saw Miller commit sexual acts on the victim. Miranda was twelve years old at the time of the incident and fifteen years old at the time he testified. About a year after the trial Miranda signed an affidavit recanting his trial testimony but he invoked his fifth amendment right against self-incrimination and refused to answer any questions regarding his testimony. The court denied Miller's petition for post-conviction relief. Miller appealed this decision to the Supreme Court of Hawaii.
 
 
 5
 In his appellate brief filed with the Hawaii Supreme Court, Miller raised the additional claim that his due process rights had been violated because the prosecution had knowingly presented false testimony by Detective Ledbetter of the Honolulu Police Department. During the trial, Detective Ledbetter testified about a report he prepared based on three interviews he conducted with the victim. Detective Ledbetter was asked twice if he had reported whether or not the victim had told him about any sexual acts done to the victim by Miller on specific dates. On each occasion Detective Ledbetter initially answered affirmatively but on further questioning he changed his mind and said no. The Hawaii Supreme Court affirmed the decision denying Miller post-conviction relief.
 
 
 6
 Miller then filed his habeas petition in the United States District Court.
 
 ANALYSIS
 A. Recantation of Trial Testimony
 
 7
 We first consider Miller's contention that Miranda's recantation of his trial testimony constitutes new evidence which entitles Miller to habeas relief.
 
 
 8
 The mere existence of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for federal habeas relief. Townsend v. Sain, 372 U.S. 293, 317 (1963); see Armstead v. Maggio, 720 F.2d 894, 896-97 (5th Cir.1983) (affidavit of another confessing to the crime); Anderson v. Maggio, 555 F.2d 447, 451 (5th Cir.1977) (recantation of trial testimony and confession to the crime); see generally Pelegrina v. United States, 601 F.2d 18, 19 n. 2 (1st Cir.1979) (citing cases). More is needed. It must be shown that the newly discovered evidence would probably have resulted in the defendant's acquittal. Quiss v. Crist, 616 F.2d 1107, 1112 (9th Cir.), cert. denied, 449 U.S. 922 (1980). Miller has made no showing that had Miranda's recanted testimony not been presented at trial, Miller probably would have been acquitted. Moreover, the Hawaii state courts considered this very question and resolved it against Miller. We conclude that the district court did not err in rejecting Miller's newly discovered evidence claim.
 
 B. Detective Ledbetter's Testimony
 
 9
 Miller next argues that his due process rights were violated by the prosecutor knowingly introducing into evidence what Miller contends to have been the false testimony of Detective Ledbetter.
 
 
 10
 The knowing use of false testimony by the prosecutor violates the due process clause. Giglio v. United States, 405 U.S. 150, 153-54 (1972). However, in order to prevail on this claim, a federal habeas petitioner must present facts showing that the prosecutor had actual knowledge of the false testimony. See Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir.1979), cert. denied, 444 U.S. 1086 (1980).
 
 
 11
 Miller has failed to present any facts showing that Detective Ledbetter's testimony was false or that the prosecutor had knowledge of any falsehood. Miller argues his failure to make this showing results from the state's refusal to comply timely with a court order to provide Miller with a trial transcript. The record, however, indicates Miller had a trial transcript at his state post-conviction hearing. The state also provided Miller with a trial transcript before Miller submitted his reply brief in this habeas appeal. Having had the benefit of the transcript, Miller has nonetheless failed to point to anything in it which might support his allegations of prosecutorial misconduct. Moreover, the district court thoroughly reviewed the trial transcript and found nothing that might support Miller's claim. We have done the same and come to the same conclusion.
 
 
 12
 Miller argues that although he was eventually provided with a copy of the trial transcript when he prepared his reply brief, he was not provided with a set of the post-conviction hearing transcripts. The record belies this assertion. By letters dated May 19, and June 8, 1988, Miller sent the district court transcripts of both the post-conviction hearing and the grand jury proceedings. Miller signed his reply brief under date of May 30, 1989.
 
 
 13
 In sum, all of the transcripts have been thoroughly reviewed by Miller, the state courts, the district court, and by this court. There is nothing in these transcripts to support Miller's allegations of prosecutorial misconduct. We conclude that this contention is without merit and was properly rejected by the district court.
 
 C. Evidentiary Hearing
 
 14
 We turn next to Miller's argument that the district court erred in denying his petition for a writ of habeas corpus without holding an evidentiary hearing.
 
 
 15
 "A habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989) (citations omitted). If the merits of a factual issue were determined in state court, that determination is entitled to a presumption of correctness unless one of the factors listed in 28 U.S.C. § 2254(d) exists, indicating a denial of due process or lack of support in the record for the state court findings. Id.
 
 
 16
 Both the Hawaii Circuit Court and the Hawaii Supreme Court heard and considered Miller's application for post-conviction relief. The Hawaii Circuit Court conducted hearings, and the recanting witness, Miranda, was called to testify. That court concluded in its Findings of Fact and Conclusions of Law that Miller's allegations were without merit. The Hawaii Supreme Court then upheld this decision on appeal.
 
 
 17
 None of the circumstances listed in 28 U.S.C. § 2254(d) that require an evidentiary hearing exists. Thus, the decision to hold an evidentiary hearing is within the discretion of the district court. Knaubert v. Goldsmith, 791 F.2d 722, 727 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Here, the district court carefully examined the state court records. So have we. We conclude that the district court did not abuse its discretion in denying Miller's habeas petition without holding an evidentiary hearing.
 
 D. Right to Counsel
 
 18
 Unless an evidentiary hearing is required, the decision to appoint counsel in a habeas proceeding is within the discretion of the district court. Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984); Rule 8, 28 U.S.C. foll. § 2254. As we have noted, the district court properly declined to hold an evidentiary hearing. We have examined the record and find no meritorious federal constitutional claim. Moreover, Miller has demonstrated a good understanding of the issues and an ability to present his contentions coherently and forcefully without the assistance of counsel. See Lamere v. Risley, 827 F.2d 622, 626 (9th Cir.1987).
 
 
 19
 We conclude that the district court did not abuse its discretion in denying Miller's request for the appointment of counsel.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3