**John Lee BOYD, Petitioner–Appellee,**

v.

**Steve W. PUCKETT, Superintendent of the Mississippi State Penitentiary at Parchman, et al., Respondents–Appellants.**

No. 90–8041
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 17, 1990.
Rehearing Denied Aug. 23, 1990.

Jeffrey M. Rosamond, Sp. Asst. Atty. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for petitioner-appellee.

John Lee Boyd, Parchman, Miss., pro se.

Before GEE, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The state respondents appeal from the district court's grant of a writ of habeas corpus conferred on the basis of evidence newly discovered after petitioner John Lee Boyd's state trial and conviction for murder, for which he received a life sentence. Concluding that the district court's determination is contrary to binding precedent from the Supreme Court and this court, we reverse and render.

## I.

Three years after petitioner's trial, new evidence was discovered to the effect that on the day of the murder the victim had armed himself and had gone out to practice firing his gun. There was also a newly discovered eyewitness to some of the events connected with the shooting.

In its order adopting the magistrate's report and recommendation, the district court concluded that the new evidence was more than cumulative, as the trial had presented a "swearing match" among witnesses regarding whether the victim was armed. Thus, the court concluded that the additional evidence probably would have yielded a different result regarding guilt or innocence.

## II.

The magistrate's report, which the district court adopted, relied upon *Davis v. Blackburn*, 789 F.2d 350, 352 (5th Cir. 1986), for the proposition that "[a] habeas application premised on newly discovered evidence is subject to the same standard as that for a new trial." However, because of the nature of the new evidence at issue here, we do not reach the point at which we must determine whether the five elements required for the grant of a new trial are present.[1]

In *Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963), the Court squarely held that a federal habeas court must grant an evidentiary hearing on an allegation of newly discovered evidence only where the evidence "bear[s] upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." We have recognized this statement to be the Court's "unequivocal[ ]" holding. *Armstead v. Maggio*, 720 F.2d 894, 896 (5th Cir.1983) (per curiam) (quoting and relying upon *Townsend*).

Here, the new evidence bears only upon the petitioner's guilt or innocence; he

---

1. The five elements are that (1) the evidence must be discovered following trial; (2) the movant must show due diligence in its discovery; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be of such a nature that a new trial would probably produce a new result. *United States v. Miliet*, 804 F.2d 853, 859 (5th Cir.1986) (listing the standards for granting a new trial in a federal criminal prosecution).

asserts no constitutional infirmity in his state proceedings. Hence, the district erred in granting habeas relief.

Both the district court and the magistrate apparently were misled by our statement in *Davis,* quoted above, and our further quotation in *Davis* of the Court's statement in *Townsend* that "[a] federal court must grant an evidentiary hearing to a habeas applicant when 'there is a substantial allegation of newly discovered evidence....'" *Davis,* 789 F.2d at 352 (quoting *Townsend,* 372 U.S. at 313, 83 S.Ct. at 757). However, our observation in *Davis* was only dictum, as the point was not at issue, and moreover we determined that the new evidence there was discoverable by reasonable diligence. More importantly, the passage that *Davis* cited from *Townsend* was followed immediately by the Court's pronouncement in *Townsend* that no habeas relief is appropriate where the new evidence bears only upon guilt or innocence.

■ Even if, *arguendo,* the statements from *Davis,* upon the basis of which the district court granted relief, were understood as holdings, the *Davis* panel was not empowered to overrule *Armstead* or *Armstead*'s interpretation of *Townsend.* Our rule in this circuit is that where holdings in two of our opinions are in conflict, the earlier opinion controls and constitutes the binding precedent in the circuit. *Alcorn County v. U.S. Interstate Supplies, Inc.,* 731 F.2d 1160, 1166 (5th Cir.1984). Under *Townsend* and *Armstead,* the instant petitioner has shown no entitlement to relief.

REVERSED and RENDERED.