McCORMICK, Presiding Judge,
dissenting to Order granting stay of execution.
Until this case, the Texas Court of Criminal Appeals has exercised abstention in matters which were in litigation in the Federal jurisdiction. Likewise, the Federal courts have exercised comity. McBride v. Estelle, 507 F.2d 903 (5th Cir.1975).
“A petitioner must decide which forum he will proceed in, because this Court will not ... consider a petitioner’s application so long as the federal courts retain jurisdiction of the same matter.” Ex parte Green, 548 S.W.2d 914 (Tex.Cr.App.1977), citing Ex parte Powers, 487 S.W.2d 101 (Tex.Cr.App.1972).
The only procedural dilemma in this case is the one a majority has brought upon us. Applicant’s writ is in the Federal system.
In his application to this Court for a Stay of Execution, applicant’s sole contention is that the trial court was without authority to set a new execution date following the order granted by Judge Clinton of this Court on February 19, 1992, which vacated applicant’s execution date of February 19, 1992. Applicant maintains the effect of Judge Clinton’s order was a stay of execution of some indeterminate length of time.
The authority of a trial court to set an execution date is contained within Article 43.14, V.A.C.C.P. That statute provides:
“Whenever the sentence of death is pronounced against a convict, the sentence shall be executed at any time before the hour of sunrise on the day set for the execution not less than thirty days from the day the court sets the execution date, as the court may adjudge, by intravenous injection of a substance or substances in a lethal quantity sufficient to cause death and until such convict is dead, such execution procedure to be determined and supervised by the Director of the institutional division of the Texas Department of Criminal Justice.”
Applicant has misread Judge Clinton’s order of February 19, 1992. The order did nothing more than vacate the execution date of February 19, 1992. The order did not purport to grant a stay of execution pending further orders by this Court or in any manner preclude the ability of the trial court to set another execution date under Article 43.14, supra.
Under the law, the trial court had not only the authority but the duty to set a new execution date since no stay order was in effect.
Applicant does not seek from this Court the relief he is being granted nor does he even allude to the hypothesis that he is in a “procedural dilemma.” The order this Court issues today does nothing to protect our own jurisdiction. To hold that, “[i]t would be improper for applicant’s execution to be carried out before his petition for writ of certiorari is fully reviewed by the Supreme Court” not only interferes with the Supreme Court’s jurisdiction but also ignores the more recent occurrences relating to this exact issue.
In Ellis v. Collins, No. H-92-685, 788 F.Supp. 317 (S.D.Tex. Mar. 2, 1992), aff’d, 956 F.2d 76 (5th Cir.), cert. and stay denied, — U.S. -, 112 S.Ct. 1285, 117 L.Ed.2d 510 (1992), the petitioner presented a claim indistinguishable from applicant’s: actual innocence based on the admissions of a conveniently deceased person. In addressing this claim, the Fifth Circuit stated:
“Evidence that is newly discovered does not, in itself, entitle a, petitioner to federal habeas relief. Federal courts do not retry facts already found by state courts. We are limited in habeas proceedings to assuring that the accused has been afforded the constitutional rights due him. See, Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963); Armstead v. Maggio, 720 F.2d 894, 896 (5th Cir.1983); Boyd v. Puckett, 905 F.2d 895, 896 (5th Cir.1990), cert. denied, — U.S. -, 111 S.Ct. 526, 112 L.Ed.2d 537 (1990). The Supreme Court’s recent grant of certiorari in Herrera v. Collins, does not alter this *11 conclusion, especially in view of the High Court’s refusal to grant a stay of execution. Herrera v. Collins, — U.S. -, 112 S.Ct. 1074, [117] L.Ed.2d [279] (1992) granting cert. but denying stay to 954 F.2d 1029 (5th Cir.1992); Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir.1986) (capital habeas case) (we must continue to follow our precedent even when the Supreme Court grants certiorari on an issue, unless the Supreme Court says otherwise).”
Ellis v. Collins, 956 F.2d 76 (5th Cir.1992). With only 2 Justices voting for a stay, and none voting for certiorari, the Supreme Court denied a stay and denied certiorari on the same issues raised by applicant. Ellis was executed on March 3, 1992.
As stated in the State’s Brief in Opposition to Applicant’s Application for Stay of Execution:
“Enrique Carrisalez and David Rucker were gunned down on September 19, 1981, ten and one-half years ago, by Applicant, and, even considering the incredible newly related matters presented by Applicant, no reasonable mind could conclude that Applicant was not the murderer. The courts, the citizens of this state and the families of the victims have a right to have the courts’ mandates carried out and to put this case behind them after all this time. State law is clear: Applicant does not state a claim for relief. The facts are clear: Applicant murdered these two officers. The Supreme Court has made it clear on the three occasions it denied stays when presented with the claim that, no matter what rule it may devise on claims of actual innocence, Applicant will not and should not benefit from it. This Court’s jurisdiction needs no protection, and the grant of a stay by the Court would frustrate the Texas Constitution’s requirement that the Court utilize such stays to enforce its judgments. Hence, the Supreme Court, and only the Supreme Court, should decide whether its jurisdiction needs to be preserved in this case.”
I dissent.