# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2025

Lyle W. Cayce
Clerk

No. 24-30385

———

De'Shaun Johnson,

*Plaintiff—Appellee*,

*versus*

Ryan Moring,

*Defendant—Appellant*.

———

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-879

———

Before Southwick, Oldham, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Deputy Sheriff Ryan Moring was found liable by a Louisiana jury for the intentional infliction of emotional distress of De'Shaun Johnson in the amount of $185,000. On appeal, Moring challenges the sufficiency of the evidence presented to the jury. Because he failed to renew his motion for judgment as a matter of law after the verdict, we may not review his challenges. We therefore AFFIRM.

———

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30385

This case involves two St. Tammany Parish Sheriff's deputies, the alleged reckless use of a motorcycle by a woman, and a struggle between the deputies and the woman that was filmed by the plaintiff, De'Shaun Johnson. Deputy Ryan Moring pointed his taser at Johnson twice. This court heard an earlier appeal that involved additional parties, but the only claims that proceeded on remand were Johnson's claims against Moring for First Amendment retaliation and a Louisiana state law claim of intentional infliction of emotional distress. *See Perkins v. Hart*, No.22-30456, 2023 WL 8274477, *6–8 (5th Cir. Nov. 30, 2023).

A three-day jury trial was held in April 2024. At the close of Johnson's case, Moring moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The case proceeded without a ruling. Before the close of Moring's defense and outside the presence of the jury, the parties argued the Rule 50(a) motion. The district court deferred ruling on the motion until after the jury's verdict. The defense called one final witness and rested.

The jury found that Johnson had not met his burden of proof on his First Amendment retaliation claim but found Moring liable for intentional infliction of emotional distress and awarded $185,000. The district court then denied Moring's Rule 50(a) motion, stating it would "wait to see what happens post-trial." Final judgment was entered in accordance with the jury's verdict. Under Rule 50(b), a party has 28 days from the entry of judgment to file a renewed motion for judgment as a matter of law, but no new motion was filed. Moring timely appealed.

On appeal, Moring raises three challenges: (1) the district court erred in denying his Rule 50(a) motion for judgment as a matter of law; (2) Johnson "failed to present sufficient evidence of a causal nexus" between his actions and Johnson's emotional distress; and (3) Johnson did not submit "sufficient, competent medical evidence that he sustained an actionable

No. 24-30385

emotional injury."[1] Johnson responds that Moring waived any challenge to the sufficiency of the evidence because he failed to renew his motion for judgment as a matter of law under Rule 50(b).

"Federal Rule of Civil Procedure 50(b) . . . permits the entry, postverdict, of judgment for the verdict loser if the court finds that the evidence was legally insufficient to sustain the verdict." *Ortiz v. Jordan*, 562 U.S. 180, 189 (2011). Absent a Rule 50(b) motion, however, "an appellate court is 'powerless' to review the sufficiency of the evidence after trial." *Id.* at 189 (quoting *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006)). This is true where, as here, "the district court expressly reserved a party's preverdict motion for a directed verdict and then denied that motion after the verdict was returned." *Unitherm Food Sys., Inc.*, 546 U.S. at 401. Rule 50(b) "is not an idle motion because it is an essential part of the rule, firmly grounded in principles of fairness." *Id.* (quotation marks omitted) (alterations adopted) (quoting *Johnson v. New York, N.H & H.R. Co.*, 344 U.S. 48, 53 (1952)). [2]

---

[1] As an alternative, Moring asserts the jury's award was excessive. Moring forfeited this argument by failing to present it to the district court. *Shahrashoob v. Texas A&M Univ.*, 125 F.4th 641, 649 (5th Cir. 2025).

[2] Moring contends we may review the sufficiency of the evidence for plain error, citing our decision in *Shepherd v. Dallas County*, 591 F.3d 445, 456 (5th Cir. 2009). Although our caselaw may be somewhat inconsistent, our earliest cases following *Unitherm* held that we are powerless to review sufficiency of the evidence absent a Rule 50(b) motion, even for plain error. *Downey v. Strain*, 510 F.3d 534, 543–44 (5th Cir. 2007); *Price v. Rosiek Constr. Co.*, 509 F.3d 704, 707 (5th Cir. 2007). "Where two previous holdings or lines of precedent conflict, 'the earlier opinion controls and is the binding precedent in the circuit.'" *Society of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991) (quoting *Boyd v. Puckett*, 905 F.2d 895, 897 (5th Cir. 1990)). Under our rule of orderliness and Supreme Court precedent, we are powerless to review the sufficiency of the evidence, even for plain error.

No. 24-30385

All of Moring's arguments challenge the sufficiency of the evidence at trial, but he failed to file a Rule 50(b) motion.  We are powerless to review the sufficiency of the evidence.

AFFIRMED.