Edward Anthony ELLIS, Petitioner–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 92–2151.

United States Court of Appeals, Fifth Circuit.

March 3, 1992.

Certiorari Denied March 3, 1992.

See 112 S.Ct. 1285.

---

David R. Dow, University of Houston Law Center, Houston, Tex., for petitioner-appellant.

Dan Morales, Atty. Gen., William C. Zapalac, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before DAVIS, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

Petitioner, facing imminent execution, seeks a certificate of probable cause and a stay of his execution. Because we find no substantial showing of a denial of a federal right, we deny the certificate of probable cause as well as the stay of execution. *See* 28 U.S.C. § 2253; *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 3394 & n. 4, 77 L.Ed.2d 1090 (1983).

## I. *Background*

Ellis was sentenced to death following his conviction of the capital murder of Bertie Eakins. The Texas Court of Criminal Appeals affirmed the conviction and sentence on direct appeal. *Ellis v. State*, 726 S.W.2d 39 (Tex.Crim.App.1986), *cert. de-*

*nied,* 480 U.S. 926, 107 S.Ct. 1388, 94 L.Ed.2d 702 (1987). The Texas Court of Criminal Appeals denied Petitioner's first application for a writ of habeas corpus without written order. Subsequently, Petitioner sought and was denied relief in federal district court. We affirmed the denial in May 1989. *Ellis v. Lynaugh,* 873 F.2d 830 (5th Cir.1989). The Supreme Court denied certiorari. *Ellis v. Lynaugh,* 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 384 (1989).

Thereafter, Petitioner filed four subsequent applications for the writ in state court. The Texas Court of Criminal Appeals denied the first of these on May 29, 1991. *Ex parte Ellis,* 810 S.W.2d 208 (Tex. Crim.App.1991) (en banc). The second was denied on February 19, 1992. *Ex parte Ellis,* Writ No. 17,233–03 (Tex.Crim.App. Feb. 19, 1992). The 263rd District Court of Harris County recommended that the third subsequent application (including two emergency supplements) be denied on February 28, 1992. In an unpublished opinion, the Texas Court of Criminal Appeals adopted this recommendation and denied relief. *Ex parte Ellis,* Writ No. 17,233–04 (Tex.Crim.App. Feb. 28, 1992). On March 2, 1992, Petitioner filed his fourth subsequent petition for habeas corpus relief in state court. It was denied. Writ No. 17,-233–05 (Tex.Crim.App. Mar. 2, 1992).

Petitioner filed the instant action for a federal writ of habeas corpus in the district court on March 2, 1992, raising nine claims for relief. Specifically, Petitioner alleged that (1) he is actually innocent, (2) the prosecution failed to disclose material exculpatory evidence regarding Petitioner's alleged confession, (3) the prosecution knowingly presented perjured testimony about Petitioner's confession, (4) the prosecution failed to reveal a bargain struck with a material witness and to correct that witness's perjured testimony, (5) the prosecution failed to reveal material exculpatory evidence about a witness's criminal record, (6) he was denied effective assistance of counsel, (7) the sentencing scheme precluded the jury from considering mitigating evidence, (8) the sentencing scheme precluded Petitioner from introducing mitigating evidence, and (9) the prosecution's closing argument misled the jury about its responsibility at sentencing. The federal district court denied the writ of habeas corpus, the motion for stay of execution, and the certificate of probable cause. It based its decision on the doctrine of abuse of the writ, as to all claims except actual innocence. On the claim of actual innocence, the district court concluded that it was bound by our precedent in *Herrera v. Collins,* —— U.S. ——, 112 S.Ct. 1074, 117 L.Ed.2d 279 (1992), *granting cert. but denying stay to* 954 F.2d 1029 (5th Cir.1992), which held that a claim of actual innocence, in itself, does not constitute grounds for federal habeas relief.

He raises before this court the same claims he raised before the federal district court.

## II. *Analysis*

### A. Actual Innocence

Petitioner's primary claim for relief is that he is actually innocent of the murder of Ms. Eakins. He presented the district court with the affidavits of several individuals in support of his claim that Pablo Alonzo, now deceased, committed the murder for which Petitioner has been convicted. The most significant of these affidavits is the statement of Alonzo's wife, Esperiridiona Alonzo, stating that Alonzo admitted killing Bertie Eakins. Petitioner also submits a handwritten note, allegedly penned by Pablo Alonzo to his wife, in which Alonzo confesses, "I have to say that I killed the poor women that Eddie is blame for." Mrs. Alonzo allegedly found the note just this week, with the aid of Petitioner's counsel.

■ Evidence that is newly discovered does not, in itself, entitle a petitioner to federal habeas relief. Federal courts do not retry facts already found by state courts. We are limited in habeas proceedings to assuring that the accused has been afforded the constitutional rights due him. *See Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963); *Armstead v. Maggio,* 720 F.2d 894, 896 (5th

Cir.1983); *Boyd v. Puckett,* 905 F.2d 895, 896 (5th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 526, 112 L.Ed.2d 537 (1990). The Supreme Court's recent grant of certiorari in *Herrera v. Collins,* does not alter this conclusion, especially in view of the High Court's refusal to grant a stay of execution. *Herrera v. Collins,* — U.S. —, 112 S.Ct. 1074, 117 L.Ed.2d 279 (1992), *granting cert. but denying stay to* 954 F.2d 1029 (5th Cir.1992); *Wicker v. McCotter,* 798 F.2d 155, 157–58 (5th Cir. 1986) (capital habeas case) (we must continue to follow our precedent even when Supreme Court grants certiorari on an issue, unless the Supreme Court says otherwise).

Alternatively, if it were within our authority to review Petitioner's claim of innocence, we would reject it. The state court, after reviewing all of the affidavits, concluded that Mrs. Alonzo's account of her husband's confession, as well as the notes purportedly written by Pablo Alonzo, were suspect. The state court found the other affidavits submitted by Petitioner either not material or not credible, including the statements of Nicholas Garcia, who allegedly saw Alonzo leave Eakins's apartment the day of the murder; Sammy Loria, who purportedly discussed the incident with Garcia; and Roberta Hanna, a handwriting expert who compared Alonzo's note with samples of Alonzo's signature.

Although the state court relied on the affidavits without hearing live testimony, we presume that its findings of fact are correct. *See* 28 U.S.C. § 2254(d); *May v. Collins,* 955 F.2d 299 (5th Cir.1992). In *May,* we held "that § 2254(d) does not preclude a federal court from presuming the correctness of fact findings made [by a state court] from a paper record." *Id.* at 310. *May* is based on *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), in which the Supreme Court held that as long as the petitioner and the state are parties to the proceeding, and the state court has issued a written opinion or findings, § 2254(d) does not preclude a federal court's deferring to the state court findings of fact. *Id.* at 546–47, 101 S.Ct. at 769.

■ Of course, factual determinations made solely from a paper record are not necessarily adequate to satisfy § 2254(d)(2), and they should not always be accorded the presumption of correctness. Rather, "it is necessary to examine in each case whether a paper hearing is appropriate to the resolution of the factual dispute underlying the petitioner's claim." *May,* at 312. We now consider whether a paper hearing was appropriate in Ellis's case.

■ His state habeas petition was considered by the same judge who tried and sentenced him. That judge made written findings of fact and conclusions of law. We have previously held "that when (1) a state court enters written fact findings in which credibility questions are resolved and (2) the same state district judge hears both the trial on the merits and the state application for writ of habeas corpus, the state fact-finding procedures are entitled to a presumption of correctness even without a state evidentiary hearing." *May,* at 307 (construing *Buxton v. Lynaugh,* 879 F.2d 140, 144–46 (5th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990)). As in *May,* the state court judge presiding over Ellis's habeas proceedings could "compare the information presented in the affidavits against his own firsthand knowledge of the trial." *Id.* at 314. Like the judge in *May* and *Buxton,* the state court judge in the case at bar was able to judge adequately the reliability of the affiants without hearing live testimony.

Simply, yet importantly, the state habeas court was entitled to find that Ellis's evidence of actual innocence is so riddled with holes that it will not hold water. Garcia's affidavit places Ellis in or at the doorway of the decedent's apartment, arm in arm with Pablo (Lucky) Alonzo; they leave the apartment together carrying the bloody goods; they spend time together in the parking lot, etc. Yet never once during the trial and all of its preparation is there evidence that Ellis tried to have his trial counsel implicate Alonzo or verify Alonzo's presence with Ellis at the murder scene. And what of Mrs. Alonzo who was so guilt-ridden about Ellis taking the rap and would

have come forward but for her fear of her husband? He died a year ago, yet neither she nor her sons came forward until a week ago. And where has Garcia been during the year since Lucky died? When read with critical objectivity the so-called evidence of factual innocence simply does not hold together.

### B. Habeas Procedure

■ Ordinarily, a petitioner must raise all of his claims for habeas relief in his first petition unless he can show cause and prejudice. *McCleskey v. Zant*, — U.S. ——, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (en banc), *cert. denied*, — U.S. ——, 112 S.Ct. 978, 117 L.Ed.2d 141 (U.S.1992). There is an exception to the cause and prejudice requirement, however, when a petitioner can show actual innocence; in the words of the Supreme Court, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

Petitioner has not shown cause and prejudice for his failure to raise issues 7, 8, and 9 in his first federal habeas petition. His ninth claim, based on *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), was available well before his first federal habeas petition. As a matter of law, his *Penry* claims (numbers 7 and 8) were also available at the time of his first habeas petition. *Cuevas v. Collins*, 932 F.2d 1078, 1082 (5th Cir.1991).

■ We read the above quoted language from *Murray* to require that when a petitioner cannot show cause and prejudice, he must show that a constitutional violation prevented him from showing his actual innocence. The evidence that allegedly demonstrates his actual innocence was not kept from Ellis by a constitutional violation, so he cannot succeed under *Murray v. Carrier*. We cannot entertain claims 2 thru 9 of

this successive petition because Ellis has abused the writ.

Alternatively, if *Murray v. Carrier* does not require a petitioner to show that the constitutional violation prevented him from showing his actual innocence, it certainly requires him to show "a constitutional violation has probably resulted in the conviction." *Id.* Claims 7, 8, and 9 relate only the imposition of the sentence, and not the conviction itself. The district court was correct to deny those claims for abuse of the writ.

Giving *Murray* the interpretation most favorable to Ellis would at most require us to consider the merits of his habeas claims related to his finding of guilt. Ellis's guilt-related claims consist of *Brady, Gigilio* and ineffective assistance of counsel claims. We have considered these claims carefully. Based upon the findings of the state habeas court, which are entitled to a presumption of correctness, none of Petitioner's guilt-related claims have merit.

### III. *Conclusion*

The application for certificate of probable cause and the application for stay of execution are DENIED.