United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61033
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CRAIG ANTHONY BROUSSARD,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:92-CR-80-3
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Craig Anthony Broussard, federal prisoner # 03089-043,

appeals the district court's dismissal of his motion pursuant

to FED. R. CIV. P. 60(b), in which he sought, inter alia, to

challenge his sentence in light of Blakely v. Washington,

542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220

(2005).  In the alternative, he seeks leave to file a successive

28 U.S.C. § 2255 motion.

     To appeal the dismissal of his Rule 60(b) motion as

an unauthorized successive habeas motion, Broussard must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obtain a certificate of appealability (COA).  See 28 U.S.C. § 2253(c)(1)(B).  Broussard has failed to show that the district court's determination that his Rule 60(b) motion should be construed as a successive § 2255 motion is debatable among jurists of reason.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (standard for COA); see also United States v. Rich, 141 F.3d 550, 552-53 (5th Cir. 1998) (Rule 60(b) motion that challenges judgment of conviction on constitutional grounds is properly construed as a successive § 2255 motion).

Broussard's request that he be allowed to file a successive § 2255 motion is foreclosed by In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005).  The Supreme Court's grant of certiorari in Burton v. Waddington, 126 S. Ct. 2352 (2006), does not alter this conclusion.  See Ellis v. Collins, 956 F.2d 76, 79 (5th Cir. 1992).  We further reject Broussard's assertion that he should be allowed to bring his Blakely and Booker claims pursuant to 28 U.S.C. § 2241 via the savings clause of § 2255.  He did not raise this claim in the district court and, in any event, it is without merit.  See Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005).

For the foregoing reasons, the request for COA is DENIED. The request for leave to file a successive § 2255 motion is DENIED.