# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2011

No. 10-40021
Summary Calendar

Lyle W. Cayce
Clerk

RODNEY DEON BETHANY,

Plaintiff-Appellant

v.

FRANK REESCANO, Warden; GWENDOLYN SPURLOCK, Librarian; VANCE DRUM, Chaplain; TANGELA BOLTON, Correctional Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:08-CV-104

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rodney Deon Bethany, Texas prisoner # 1221925, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failing to state a claim against Warden Frank Reescano and from the summary judgment dismissal of his § 1983 complaint and his claim pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, against Gwendolyn Spurlock. Bethany filed suit after he was unable to attend morning

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramadan meals in 2007 because they were scheduled for the same time that he was allowed to use the prison law library, where he was doing research for his challenge to his imprisonment.

We review the dismissals de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (28 U.S.C. § 1915A); *Cuadra v. Houston Indep. School Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (summary judgment). "A complaint is frivolous if it lacks an arguable basis in law or fact, and a complaint lacks such a basis if it relies on an indisputably meritless legal theory." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2010).

This appeal implicates the First and Fourteenth Amendments. *See Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972). However, the district court correctly determined that Reescano did not violate Bethany's constitutional rights by rejecting the grievances that Bethany filed against Spurlock. A failure to reach a result desired by a prisoner-grievant is not a deprivation of due process. *Geiger*, 404 F.3d at 374. Additionally, Bethany cannot prevail on a claim against Reescano based solely on an allegation that Reescano had "policymaking authority." The question whether an official has final policymaking authority pertains to a determination of municipal liability, not individual liability. *Jett v. Dallas Independent School Dist.*, 7 F.3d 1241, 1244-50 (5th Cir. 1983). Official capacity claims are in reality claims against the state, and the Eleventh Amendment makes a state immune under § 1983 if the state invokes its immunity, as the state did in the present case. *See Frew v. Hawkins*, 540 U.S. 432, 437 (2004). Given that Bethany suggests no other basis for holding Reescano liable in his individual capacity, no such liability can be imposed under § 1983. Because Bethany advanced no arguable basis for a judicial conclusion that he has any claim against Reescano, the district court did

not err when it dismissed that claim as frivolous. *See Geiger*, 404 F.3d at 373; *Taylor*, 257 F.3d at 472.

Because Bethany cites no case that, on facts materially similar to his own, clearly established the unconstitutionality of a policy such as his prison's policy governing out-of-cell time, he fails to defeat Spurlock's qualified immunity defense. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 332-34 (5th Cir. 2009), *cert. granted*, 130 S. Ct. 3319 (2010); *see also Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993) (affirming the grant of summary judgment on a basis other than that recited by the district court).

Citing *Sossamon*, 560 F.3d 316, the district court dismissed the RLUIPA damages claim against Spurlock. In *Sossamon*, we concluded (1) that RLUIPA does not allow for individual capacity liability for damages and (2) that "[w]hether or not RLUIPA creates [an official capacity damages] action, it is barred by Texas's sovereign immunity." 560 F.3d at 329. *Sossamon* is binding precedent, despite the intervening grant of certiorari. *See United States v. Short,* 181 F.3d 620, 624 (5th Cir. 1999); *Ellis v. Collins,* 956 F.2d 76, 79 (5th Cir. 1992). Accordingly, the district court did not err regarding this claim.

We reject also Bethany's contention that he was entitled to summary judgment. As shown above, Bethany's RLUIPA claims fail, and Bethany stated no § 1983 claim against either Reescano or Spurlock. Therefore, Bethany was not entitled "to judgment as a matter of law." FED. R. CIV. P. 56(a).

We find no merit in Bethany's contention that he achieved the modification of a policy that infringed on his federal rights and that he is therefore entitled to attorneys' fees and costs as a "prevailing party" under 42 U.S.C. § 1988(b). Bethany is not a prevailing party under § 1988(b) because there was no "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001). Additionally, as Bethany has not shown

exceptional circumstances, his request for appointment of counsel is denied. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED.