# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20028
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFERSON RIASCOS ASPIRLLA, also known as Kevin Caceres,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-565-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellalnt Jefferson Riascos Aspirlla was convicted of illegal reentry and sentenced to a within-guidelines 23-month prison term and a one-year term of supervised release. *See* 8 U.S.C. § 1326. In this appeal, he seeks reformation of the judgment to reflect sentencing under § 1326(b)(1) instead of § 1326(b)(2) because, in his view, his Texas burglary conviction was not for an aggravated felony. We review for plain error because Riascos Aspirlla did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

avail himself of the opportunity to raise this claim before the district court. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009).

We agree that Riascos Aspirlla's burglary conviction was not for an aggravated felony within the purview of § 1326(b)(2). Notwithstanding the Government's foreclosed argument to the contrary, his burglary conviction was not for an enumerated burglary offense under 8 U.S.C. § 1101(a)(43)(G). *See United States v. Herrold*, 883 F.3d 517, 522-26, 530-37 (5th Cir. 2018) (en banc), *petitions for cert. filed* (Apr. 18, 2018) (No. 17-1445) and (May 21, 2018) (No. 17-9127). Neither was his burglary conviction for a crime of violence under 8 U.S.C. § 1101(a)(43)(F). *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (concerning 18 U.S.C. § 16(b)); *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995) (concerning § 16(a)), *abrogated on other grounds as recognized in United States v. Turner*, 305 F.3d 349, 350-51 (5th Cir. 2002).

The judgment must "be reformed to reflect that [Riascos Aspirlla] was sentenced according to 8 U.S.C. § 1326(b)(1), which provides for a 10-year maximum sentence for a defendant whose removal was subsequent to a conviction for commission of a felony (other than an aggravated felony)." *United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018), as revised (June 25, 2018) (internal quotation marks, citation, and ellipsis omitted). Riascos Aspirlla's rights and liabilities under the immigration laws are implicated by the judgment's incorrect citation of § 1326(b)(2) and mistaken description of the crime as "[i]llegal reentry by a previously deported alien after an aggravated felony conviction." *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009); *see also Dimaya*, 138 S. Ct. at 1211. As Riascos Aspirlla's federal prison term is not challenged, however, "reformation [of the judgment] does not require alteration to the ordered sentence." *Godoy*, 890 F.3d at 542.

No. 18-20028

The Government's argument for holding this appeal in abeyance (pending disposition of particular matters in the Supreme Court in other cases) is unaccompanied by citation to legal authority addressing the abeyance issue. Moreover, the Government's request is at odds with our usual practice. *See, e.g., Ellis v. Collins,* 956 F.2d 76, 79 (5th Cir. 1992); *Wicker v. McCotter,* 798 F.2d 155, 157-58 (5th Cir. 1986). We therefore REMAND for correction of the judgment to reflect that the statutory sentencing provision is § 1326(b)(1), not § 1326(b)(2), and for deletion of the incorrect description of the offense as illegal reentry of a deported alien following an aggravated felony conviction. *See* 28 U.S.C. § 2106. In all other respects, the judgment is AFFIRMED.