Humberto Leal GARCIA,
Petitioner–Appellant

v.

Rick THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.

No. 11–70022.

United States Court of Appeals,
Fifth Circuit.

June 30, 2011.

Sandra Lynn Babcock, Minneapolis, MN, Maurie Levin, University of Texas School of Law, Austin, TX, for Petitioner–Appellant.

Stephen M. Hoffman, Assistant Attorney General, Office of the Attorney General, Austin, TX, for Respondent–Appellee.

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Petitioner–Appellant Humberto Leal Garcia ("Leal"), seeks a Certificate of Appealability ("COA") so he may appeal the district court's order denying his third petition for federal habeas relief under 28 U.S.C. § 2254. Leal also moves for a stay of execution and seeks leave to proceed in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forma pauperis ("IFP"). Because Leal cannot meet the requirements for issuance of a COA we DENY his request. Similarly, Leal's motion for a stay of execution is without merit, and we DENY that request. We GRANT Leal's motion to proceed IFP.

## I

In 1995, a Texas jury convicted Leal of the murder of Adria Sauceda and sentenced him to death.[1] Leal appealed his conviction and sentence to the Texas Court of Criminal Appeals, asserting forty-three points of error. The Texas Court of Criminal Appeals affirmed Leal's conviction and sentence in an unpublished opinion. *Leal v. State,* No. 72,210 (Tex.Crim.App. Feb. 4, 1998) (not designated for publication). The United States Supreme Court denied Leal's subsequent petition for writ of certiorari. *Leal v. Texas,* 525 U.S. 1148, 119 S.Ct. 1046, 143 L.Ed.2d 53 (1999). Subsequently, Leal filed his first petition for state habeas relief. The state trial court held an evidentiary hearing and issued an order containing its findings of fact, conclusions of law, and recommendation that Leal's first state habeas petition be denied. The Texas Court of Criminal Appeals denied Leal's first state habeas petition in an unpublished written order based on the state habeas trial court's findings and conclusions. *Ex parte Leal,* App. No. WR–41,743–01 (Tex.Crim.App. Oct. 20, 1999) (not designated for publication). Leal filed his first federal habeas petition in the district court in 1999. The district court denied all of Leal's claims for relief on the merits and denied Leal a COA. *Leal v. Dretke,* No. 5:99–CV–01301, 2004 WL 2603736, at *834 (W.D.Tex. Oct. 20, 2004) (unpublished).

Meanwhile, Leal was included as one of fifty-one Mexican nationals named in a case brought by Mexico against the United States in the International Court of Justice ("ICJ") alleging numerous violations of the Vienna Convention on Consular Relations ("Vienna Convention"). *Case Concerning Avena and Other Mexican Nationals (Mex. v. U.S.),* 2004 I.C.J. 12 (March 31) (*"Avena"*). The ICJ held that the United States had violated its Vienna Convention obligations with regard to Leal and the fifty other named Mexican nationals. *Id.* ¶¶ 90, 106. The ICJ concluded that the "appropriate reparation ... consists in the obligation of the United States of America to provide, by means of its own choosing, review and reconsideration of the convictions and sentences of the Mexican nationals" named in the judgment. *Id.* ¶ 153(9). The ICJ issued the *Avena* decision about six months before the district court denied Leal's first federal habeas petition.

In response to the *Avena* decision, President George W. Bush issued a memorandum ("the President's Memorandum") stating that he had determined that the United States should discharge its obligations under *Avena* by having state courts "give effect to the decision in accordance with general principles of comity in cases filed by the 51 Mexican nationals addressed in that decision." About seven months after the President issued the Memorandum, we held that none of Leal's claims warranted a COA.[2] *See Leal v. Dretke,* 428 F.3d 543, 553 (5th Cir.2005).

---

1. The graphic and disturbing facts of the kidnapping, sexual assault, and homicide underlying Leal's conviction are extensively discussed in several prior decisions. *See Leal v. Dretke,* 428 F.3d 543, 545–47 (5th Cir.2005); *Leal v. Dretke,* No. 5:99–CV–01301, 2004 WL 2603736, at *16 (W.D.Tex. Oct. 20, 2004).

2. Leal's first federal habeas petition did not argue the *Avena* claims he now includes in his third federal habeas petition. *See Leal v. Dretke,* 428 F.3d at 548.

The Supreme Court denied Leal's subsequent petition for writ of certiorari. *Leal v. Dretke*, 547 U.S. 1073, 126 S.Ct. 1771, 164 L.Ed.2d 522 (2006).

After the Court denied his petition for certiorari, Leal filed his second state habeas petition and argued that he was entitled to relief by virtue of *Avena*. The Texas Court of Criminal Appeals, relying on its decision in *Ex parte Medellin*, 223 S.W.3d 315 (Tex.Crim.App.2006), summarily dismissed Leal's second state habeas petition pursuant to the Texas writ-abuse statute. *Ex parte Cardenas*, App. No. WR–41,743–02, 2007 WL 678628, at *1 (Tex.Crim.App. Mar. 7, 2007) (not designated for publication) (per curiam), *cert. denied sub nom. Leal Garcia v. Texas*, 552 U.S. 1295, 128 S.Ct. 1736, 170 L.Ed.2d 538 (2008).

Leal then filed his second federal habeas petition with the district court arguing that under *Avena*, the district court should vacate his conviction and sentence. *Leal v. Quarterman*, No. 5:07–CV–00214, 2007 WL 4521519, at *1 (W.D.Tex. Dec. 17, 2007) (unpublished). The district court concluded that the petition was successive and procedurally barred, but granted Leal a COA with regard to: (1) whether he was required to first obtain authorization to file a petition for the claims presented to the district court in his second federal habeas petition; and, (2) whether his legal rights as defined in *Avena* were violated by law enforcement's failure to timely notify him of his VCCR rights and to timely notify the Mexican consulate of his arrest. *Id.* at *24. Leal appealed the district court's decision to us.

While Leal's appeal was pending, the Supreme Court decided *Medellin v. Texas*, 552 U.S. 491, 128 S.Ct. 1346, 170 L.Ed.2d 190 (2008), in which the petitioner-prisoner argued that *Avena* and the President's Memorandum provided new grounds for habeas relief. The Court affirmed the Texas Court of Criminal Appeals decision in *Ex parte Medellin* and held that neither *Avena* nor the President's Memorandum constitute binding domestic law capable of preempting state procedural requirements. *See id.* at 522–23, 532, 128 S.Ct. 1346. After the Court issued its opinion, we reviewed Leal's appeal of his second federal habeas petition. In light of *Medellin*, we held that Leal's second federal habeas petition was not successive because the defect attacked by that petition did not arise until after his first federal habeas petition. *Leal Garcia v. Quarterman*, 573 F.3d 214, 220–24 (5th Cir.2009). Thus, Leal's second petition did not require authorization from this Court. But "we affirm[ed] the dismissal of his habeas petition, albeit with prejudice." *Id.* at 224. We held that because *Medellin* had "deprived the *Avena* decision and the [President's Memorandum] of whatever legal force ... they ever had," Texas's refusal to comply with those purported mandates could not serve as "the basis for a petition for habeas corpus." [3] *Id.*

On June 16, 2011, Leal filed his third federal habeas petition seeking relief from his capital murder conviction and death sentence. *Garcia v. Thaler*, 793 F.Supp.2d 909 (W.D.Tex.2011) (unpublished). He argued that he was entitled to review of his conviction pursuant to the provisions of *Avena* by virtue of the recent filing in the United States Senate of proposed legislation that would impose *Avena* enforcement upon the states. *Id.* at 910, 925. Leal also moved for a stay of execution. The dis-

---

**3.** The district court also made conclusions regarding Leal's *Avena* claims after it assumed hypothetical jurisdiction. We vacated the district court's conclusions because it was erroneous to reach same under such an assumed hypothetical. *Leal Garcia v. Quarterman*, 573 F.3d at 224–25.

trict court concluded that Leal's habeas argument was "plainly without merit." *Id.* at 937. The district court dismissed the third federal habeas petition, denied Leal a COA, and denied Leal's motion for a stay of execution. *Id.* This appeal followed.

## II

Leal appeals the district court's denial of his request for a COA, asserting that reasonable jurists could disagree with the district court's decision as to whether Leal's habeas petition raised valid constitutional claims.

A COA is a jurisdictional requirement for our consideration of an appeal on the merits. "[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El,* 537 U.S. at 327, 123 S.Ct. 1029 (citation and internal quotation marks omitted). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342, 123 S.Ct. 1029. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338, 123 S.Ct. 1029. "While the nature of a capital case is not of itself sufficient to warrant the issuance of a COA, in a death penalty case any doubts as to whether a COA should issue must be

resolved in the petitioner's favor." *Johnson v. Quarterman,* 483 F.3d 278, 285 (5th Cir.2007) (quoting *Ramirez v. Dretke,* 398 F.3d 691, 694 (5th Cir.2005)).

## III

■  Leal asserts that we should issue a COA because reasonable jurists could disagree with the district court's decision that Leal's third habeas petition failed to allege a plausible due process violation. Specifically, Leal contends that under the Fifth and Fourteenth Amendments he has a due process right to remain alive until the proposed *Avena* legislation becomes law. We disagree.

*Medellín* determined that neither *Avena* nor the President's Memorandum constituted directly enforceable federal law that could preempt state procedural rules and limitations governing successive habeas corpus petitions. 552 U.S. at 498–99, 128 S.Ct. 1346. Leal's appeal from the district court's denial of his second federal habeas petition required our application of *Medellín* since the second petition attacked Texas's failure to comply with *Avena* and the President's Memorandum. *Leal Garcia v. Quarterman,* 573 F.3d at 224. We concluded that Leal's habeas petition could not succeed because *Medellín* made clear that *Avena* and the President's Memorandum could not require states to set aside procedural rules and limitations in favor of hearing successive habeas corpus petitions. *Id.*

The district court denied the present petition for habeas relief, concluding that "despite the pending *proposed* legislation," there was no "state or federal judicial forum available in which [Leal] may obtain a ruling on the merits of his new *Avena*/Vienna Convention claim, even if that claim is based on" a new set of factual allegations. *Garcia v. Thaler,* 793 F.Supp.2d at 931. The district court determined that

Leal's most recent *Avena*/Vienna Convention claim, which was based solely on proposed legislation, was foreclosed by the Court's holding in *Medellín* and our holdings in *Medellín v. Dretke*, 371 F.3d 270, 280 (5th Cir.2004) (per curiam), *United States v. Jimenez–Nava*, 243 F.3d 192, 198 (5th Cir.2001),[4] and *Leal Garcia*, 573 F.3d at 224–25. The district court explained that the mere filing of proposed federal legislation that could create a new right did not alter "the legal landscape in which [the district court] must evaluate the merits" of Leal's petition. *Garcia v. Thaler*, 793 F.Supp.2d at 932. We agree. Leal has no constitutional right to delay his execution based on the fact that proposed legislation, if enacted, may benefit him.

Despite his argument to the contrary, Leal has failed to demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims. The district court concluded that Leal's petition was without merit by relying on binding Supreme Court and Fifth Circuit precedent. *Id.* at 931–32. *Medellín* established that neither *Avena* nor the President's Memorandum could require states to comply with the ICJ's decision. 552 U.S. at 522–23, 532, 128 S.Ct. 1346. In light of this precedent, the district court correctly concluded that Leal's claim alleging grounds for relief under *Avena* was foreclosed by our earlier decisions. Moreover, until Congress passes a bill which is then signed by the President, or Congress overrides a Presidential veto of same, no new law comes into effect that would create any rights. *See Medellín*, 552 U.S. at 526, 128 S.Ct. 1346; *see also Young v. Fordice*, 520 U.S. 273, 282–83, 117 S.Ct. 1228, 137 L.Ed.2d 448 (1997). We made a similar note of that in Leal's appeal of his second federal habeas petition when we stated that a State's refusal to comply with *enacted* legislation "might provide a previously unavailable basis for a petition for habeas corpus." *Leal Garcia v. Quarterman*, 573 F.3d at 224 n. 54. Accordingly, the district court correctly concluded that the newly proposed *Avena* legislation could not serve as a legal basis for federal habeas relief.

The district court also correctly concluded that proposed federal legislation does not alter the legal framework under which a court must consider Leal's habeas petition. *Medellín*, 552 U.S. at 526, 128 S.Ct. 1346; *see also Young*, 520 U.S. at 282–83, 117 S.Ct. 1228. Leal has not shown that reasonable jurists could debate the district court's resolution of his constitutional claims and Leal has not made a substantial showing of the denial of a constitutional right.[5]

## IV

Leal has moved for a stay of execution, asserting that the proposed *Avena* legislation warrants the further delay of his execution.

When we decide whether to issue a stay of execution we must consider four factors: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if

---

4. In *Jimenez–Nava* we held that Article 36 of the Vienna Convention did not create any individually enforceable rights. 243 F.3d at 198.

5. The district court noted that Leal set forth multiple new arguments that had not been presented to any state or federal court prior thereto. *Garcia v. Thaler*, 793 F.Supp.2d at 930 n. 92. We do not address the new arguments which Leal raised through the framework of *Avena* because, as discussed above, *Medellín* forecloses the possibility of a basis for a new appeal under *Avena*. *See supra* pp. 235–36.

the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.

*Herrera v. Collins,* 954 F.2d 1029, 1033 (5th Cir.1992) (citing *Byrne v. Roemer,* 847 F.2d 1130, 1133 (5th Cir.1988)), *aff'd,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). In a capital case, the movant is not always required to show a probability of success on the merits, but " 'he must present a substantial case on the merits when a serious legal question is involved and show that the balance of equities [i.e. the other three factors] weighs heavily in favor of granting the stay.' " *White v. Collins,* 959 F.2d 1319, 1322 (5th Cir.1992) (alteration in original) (quoting *Celestine v. Butler,* 823 F.2d 74, 77 (5th Cir.1987)), *cert. denied,* 503 U.S. 1001, 112 S.Ct. 1714, 118 L.Ed.2d 419 (1992); *see also Ruiz v. Estelle,* 666 F.2d 854, 856–57 (5th Cir.1982).

■ Leal argues that the proposed *Avena* legislation in the United States Senate means that there is a "reasonable probability" he will succeed with his habeas petition. This, however, is not a legal claim on which he has a reasonable probability of success. We again point to binding Supreme Court precedent and acknowledge that *Medellín* directly addresses Leal's contentions. 552 U.S. at 522–23, 526, 532, 128 S.Ct. 1346. Leal's claim for habeas relief at both the state and federal levels under the framework of *Avena* is foreclosed as a matter of law. We also agree with the district court's statement that absent the *"passage of actual legislation"* by Congress or the Texas Legislature, Leal continues to have no legal basis for relief. *Garcia v. Thaler,* 793 F.Supp.2d at 933; *see also Medellín,* 552 U.S. at 526, 128 S.Ct. 1346. The pure speculation of future legislation that could aid Leal in some way

does not give rise to a substantial claim upon which relief may be granted.

Although Leal asserts several arguments regarding the remaining factors under consideration, his arguments fail to outweigh his inability to succeed on the merits of his legal claim. *See White,* 959 F.2d at 1322; *see also Ruiz,* 666 F.2d at 856–57. Correspondingly, the balance of equities weighs heavily against granting the motion for stay of execution.

V

Accordingly, we DENY Leal's request for a COA, we DENY his request for a stay of execution, and we GRANT his request to proceed IFP.